### Appeal of ROBERT A. FAESY.          Docket No. 208.

Under the Revenue Act of 1918 a partner is taxable upon his distributive share of partnership income whether distributed or not.

A transfer upon the books of a partnership of part of one partner's capital to another partner held, in the circumstances, to be a gift and not income to the recipient.

Submitted November 5, 1924; decided January 16, 1925.

*Luther F. Speer, Esq.*, for the taxpayer.

*A. H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

#### FINDINGS OF FACT.

Prior to July, 1920, the taxpayer was an employee of Eugene Suter & Co., a partnership. At that time he was told that he had been taken into the firm and that he should receive 10 per cent of the profits and stand 10 per cent of the losses. No written agreement was made. At the end of the year, his account as a partner in the company was credited with the excess of 10 per cent of the partnership profits for the full year over the $3,600 which he had drawn as salary and drawing account during the year. In May, 1921, a new arrangement was made, evidenced by an agreement in writing. The excess of the taxpayer's 10 per cent over his withdrawals referred to was credited to him as capital invested, and in addition the senior partner transferred $5,000 of his credit upon the books to the taxpayer, decreasing his own capital contribution and increasing that of the taxpayer accordingly. The adjustment of the books was made as of January 1, 1921. Disputes later arose between the members, litigation followed, and the taxpayer had not, at the time of the hearing herein, succeeded in collecting any of the moneys so credited to him. After examination of the partnership books by a revenue agent the Commissioner found that the partnership had a net income for the year 1920 in excess of that reported by its partnership return, and found a deficiency against the taxpayer based upon his share of such additional income and

upon the amounts credited to him on the books of the partnership, including the $5,000 transferred by the senior partner. From this determination the taxpayer appealed.

### DECISION.

The deficiency should be recomputed in accordance with the following opinion. Final determination will be settled on consent or on seven days' notice in accordance with Rule 50.

### OPINION.

IVINS: The taxpayer contended that the arrangement in July, 1920, was not really a partnership; but it appears that he brought action in the Supreme Court of the State of New York, Queens County, against Eugene Suter, his senior partner, in which he claimed that it was a partnership and in which it was so adjudicated. His testimony at the hearing indicated that the arrangement had all the indicia of a partnership except a written agreement. He is, therefore, liable for the tax upon his share of the earnings of the partnership from the time he became a partner.

At the end of 1920 he was credited on the books of the partnership with the difference between what he had actually drawn during the year and 10 per cent of what appeared by those books to be the profits of the firm for the year. The fact that subsequent disagreement with his partner, and litigation, has precluded him from ever receiving any of this money does not lessen his taxability. See *Appeal of Fred Truempy*, 1 B. T. A. 349.

In 1921 a readjustment was made and a written partnership agreement signed. At that time adjustments were made upon the books as of January 1, 1921, and among them was a transfer of $5,000 from the account of the senior partner to the account of the taxpayer. This item was treated by the Commissioner as additional income to the taxpayer for the year 1920. This is in error. The taxpayer had expressed dissatisfaction with the arrangement, and the senior partner, to satisfy him, made him a gift of $5,000 upon the books of the firm in order to vest in him a larger capital interest than that represented by his other credits. This item can not properly be included as income to the taxpayer.